Daljit **KAUR**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–72653.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 15, 2005.

Daljit Kaur, Fresno, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Virginia Lum, Anthony W. Norwood, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

### MEMORANDUM **

Daljit Kaur, a native and citizen of India, petitions pro se for review of the Board of Immigration Appeals' ("BIA") denial of her motion to reopen to apply for adjustment of status and to reopen her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have partial jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion. *See de Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir.2004). We dismiss in part and deny in part the petition for review.

We are without jurisdiction to review Kaur's arguments related to the BIA's final removal order entered on March 9, 2004, because Kaur did not file a timely petition for review of that order. *See* 8 U.S.C. § 1252(b); *Stone v. INS*, 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995).

The BIA did not abuse its discretion in denying Kaur's motion to reopen removal proceedings based on changed country conditions arising in India because Kaur provided no evidence to establish prima facie eligibility for relief. *See* 8 C.F.R. § 1003.2(c)(1); *Mendez–Gutierrez v. Ashcroft*, 340 F.3d 865, 869–70 (9th Cir.2003).

Similarly, the BIA did not abuse its discretion in denying Kaur's motion to re-

---

open to allow her to apply for adjustment of status because the I–130 visa petition filed on Kaur's behalf was filed too late for Kaur to be able to demonstrate prima facie eligibility for adjustment of status. *See* 8 U.S.C. § 1255(i)(1)(B)(I); *INS v. Abudu,* 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

**PETITION FOR REVIEW DISMISSED in part, DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.